**STATE of Minnesota, Respondent,**

v.

**Thomas Gerald LANGTEAU, Appellant.**

No. 47997.

Supreme Court of Minnesota.

June 30, 1978.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

ROGOSHESKE, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.St. 609.245, and was sentenced by the trial court to a term of 1 to 20 years in prison, §§ 609.11 and 609.245. The sole issue raised by defendant on this appeal from judgment of conviction is whether there is insufficient credible evidence to sustain the verdict. Although by crediting the uncorroborated testimony of the victim and rejecting defendant's testimony denying any involvement one could justify the jury's verdict, a careful consideration of the record persuades us to order a new trial in the interests of justice.

There were only two witnesses who gave significant evidence at the trial, Ronald James Parker, the alleged victim, and Thomas Gerald Langteau, the defendant. Parker testified that at about midnight as he was returning to the St. Paul YMCA from St. Joseph's Hospital, where he had been visiting a friend, he was robbed at gunpoint by defendant.

The reason why Parker would have remained at the hospital until almost midnight—long after normal visiting hours—is unexplained. The reason why defendant would have held up Parker, with whom he was well acquainted, is left a mystery.

Defendant at all times has categorically denied any involvement in the crime, insisting that at the time of the offense he was in his room listening to the radio. Although his room and his person were searched following the incident, nothing was discovered to link him with the crime. The suggestion of the prosecuting attorney that this irrational action was explainable as the act of a person under the influence of drugs has no support whatever in the record.

The case was submitted to the jury at 11:30 a. m. on March 15, 1977. About 2 hours later, the jurors reported that there was no possibility of agreement as to defendant's guilt. Thereafter, at the request of one of the jurors, instructions with respect to the meaning of "reasonable doubt" were requested. The jurors then resumed deliberations, returning the guilty verdict at about 10 p. m.

Under all the circumstances, we conclude that in the interests of justice a new trial is required.

Reversed and remanded for trial.